09-3168-ag
Zheng v. Holder

BIA
Weisel, IJ
A098 998 256

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of March, two thousand ten.

PRESENT:
>       GUIDO CALABRESI,
>       ROBERT A. KATZMANN,
>       BARRINGTON D. PARKER,
>               *Circuit Judges.*

_____

CHEN WEN ZHENG,
            *Petitioner*,

                v.                                      09-3168-ag
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
            *Respondent.*

_____

FOR PETITIONER:         Yu Zhang, Law Offices of Fuhao Yang, PLLC, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chen Wen Zheng, a native and citizen of the People's Republic of China, seeks review of a June 29, 2009, order of the BIA affirming the April 16, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Wen Zheng*, No. A098 998 256 (B.I.A. June 29, 2009), *aff'g* No. A098 998 256 (Immig. Ct. N.Y. City Apr. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because the BIA assumed Zheng's credibility for purposes of its analysis, we will do the same. *See id.* The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d

99, 110 (2d Cir. 2008).

In the absence of past persecution, an alien can demonstrate eligibility for asylum if he can show that he has a well-founded fear of future persecution on account of a protected ground.  8 C.F.R. § 1208.13(b)(2)(i).[1]  However, an applicant is not eligible for asylum when he "could avoid future persecution by relocating to another part of [his] country of nationality or, if stateless, another part of [his] country of last habitual residence, and under all the circumstances, it would be reasonable to expect [him] to do so."  *See id.* § 1208.13(b)(2)(ii).  Here, the IJ found that internal relocation was a reasonable option for Zheng. Zheng did not challenge that finding on appeal to the BIA. But the BIA did consider the issue and affirmed the IJ's finding.  We do the same. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006).

Zheng asserts that: (1) it is extremely difficult to change residences in China because of government oversight;

---

[1] As the government argues in its brief, Zheng waives any challenge to the IJ's finding that he failed to establish past persecution on account of his practice of Falun Gong.  *See Yueqing Zheng v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

and (2) because the Chinese government oversees the activities of local officials, individuals cannot relocate to avoid persecution. These arguments are unavailing given that Zheng's parents have already relocated within China, and have been able to practice Falun Gong for two years without any incidents of harassment or detention. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999) (finding that where an asylum applicant's family members continued to live in her native country, any well-founded fear was diminished). The IJ's relocation finding was dispositive of Zheng's applications for asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), 1208.16(b)(2), 1208.16(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4